.JONES V. EUREKA IMPROVEMENT CO.

Decided April 26, 1890.

1. *Town site act of Congress—Patent to mayor—Trust for occupant.*

Where the patent to the town site of Eureka Springs issued to the mayor, under the provisions of the act of Congress of March 2, 1867 (Rev. Stat. of U. S., section 2387), the legal title to town lots is held in trust for the occupants thereof.

2. *Deed procured by fraud—Constructive trust.*

Where, by the fraudulent conduct of its agent, appellee procured a deed to a lot of which appellant was the occupant and equitable owner under said act, appellee will be decreed to hold the title in trust for appellant.

APPEAL from *Carroll* Circuit Court in Chancery, Western District.

J. M. PITTMAN, Judge.

*Caruth & Erb* for appellant.

1. The statute of limitations never runs against a fraud, especially in a trustee. Kerr on Fraud and Mistake, p. 51; 1 Mer., 436; 9 L. J. Ch., 208. Nor is the statute always a bar in equity. 5 Pet., 485; 24 Wend., 587; 4 Corr., 717.

Courts of equity consider as done what ought to be done. If acts by fraud or willful neglect or misconduct have been prevented from being done, equity will interfere, and create a trust in favor of the party wronged. 14 Gray, 119; 18 Pa. St., 128; Perry on Trusts, sec. 181; 1 Ves., 123.

2. The deed signed by two of the trustees was sufficient to convey title. The trust was of a public nature, and the act of two was conclusive. 5 Binn., 481; 15 Ill., 256; 1 Wis., 597; 66 Penn., 202; 65 N. C., 560; 52 Vt., 78; 4 Pick., 75.

3. In equity it is sufficient to show facts and circumstances from which fraud may be presumed. 33 Ark., 425.

*Crump & Watkins* for appellees.

The complaint shows that the lot was claimed by the city, and by the decree in the U. S. court and the act of 1885, he was required to bring a suit within one year from February 16, 1885, and unless he did so he lost all claim to same. Sec. 5, acts 1885, p. 14. The powers of the trustees ceased upon that date. The provisions in the act and decree are not simply provisions of limitation, but are conditions put by the law upon the right of plaintiff to the property claimed, and as limitations upon the power of the officers appointed by courts to make deeds. Wood on Lim., sec. 1.

It was the duty of plaintiff to allege and prove that he had settled the controversy to the lot, or had brought suit to settle it, within the time required.

COCKRILL, C. J. This is a complaint in equity filed by Jones against the improvement company to declare a trust and compel a conveyance of real estate. According to the abstracts of the record, the suit was dismissed upon demurrer to the complaint; and the question submitted is, does the complaint state a cause of action? It may be said to allege that the plaintiff's grantors settled upon the lot in question when it was a part of the public domain; that they and he have since been continuously in possession; that the lot is in the city of Eureka Springs; that the land upon which the city is located was patented December 30, 1884, to the mayor of the city under the town site law to be held by him in trust for the occupants of the several lots and parcels of ground; that the Eureka Improvement Company brought suit against the mayor in the United States circuit court at Fort Smith, Arkansas, to set aside his title; that on the 6th of April, 1885, the parties to that suit caused a consent decree to be entered in said cause divesting the mayor of title and vesting it in three persons as trustees, viz: the mayor, the president of the Eureka Improvement Company and one John Carroll, who were to hold

the title for the use of the occupants, and to execute deeds to
them within the time prescribed by the State statute passed
to effect the object of the town site location; that the decree
further provided that at the expiration of the time fixed by
the act of the legislature known as the Eureka town site act,
all property remaining in the hands of the trustees should be
conveyed to the Eureka Improvement Company without pay-
ment of any consideration; that plaintiff complied with all the
regulations as to tender of the appraised value of his lot and
proof of his right to a deed before the trustees named in the
decree, and was then entitled to a deed; that a deed in proper
form was signed by Carroll and the mayor as trustee, for the
purpose of conveying the lot in question to him, in pursuance
of the directions of the decree; but that the president of the
improvement company, who was the third trustee, delayed
the execution of the deed by raising objections thereto from
time to time; that the reasons for his objections were finally
removed, and he consented to execute the conveyance; that
the deed signed by the other trustees was thereupon delivered
to him along with the plaintiff's evidence of his right of own-
ership of the lot, for the purpose of allowing him to make
therefrom certain entries in the abstract book of the improve-
ment company, and that it was agreed that when this was done
the deed was to be delivered to the plaintiff; that this was
near the expiration of the time prescribed for making deeds
by the trustees; that the said president allowed the time to
elapse without executing the deed, and that then, for the first
time, the plaintiff was informed the title would not be made
to him; that the acts of the trustees and particularly those of
the president of the improvement company were a fraud upon
his rights and were intended to prevent, and did prevent, him
from obtaining the deed to the property; that the presence of
the president of the improvement company among the trustees
to determine whether he or the improvement company should
have the land was in itself a fraud; that the improvement com-

pany was claiming the land by virtue of the said decree or a conveyance from the trustees named, and that he was unable to ascertain which was true. Prayer that he be invested with the legal title.

Conceding these facts to be true, the question is, ought the complaint to be dismissed?

The act of Congress of March 2, 1867, provides that public land which has been settled and occupied as a town site, may be entered by the mayor of the town at the United States land office "in trust for the several use and benefit of the occupants thereof according to their respective interests," and that the execution of the trust shall "be conducted under such rules and regulations as may be prescribed by the legislative authority of the State" in which the land is situated.

In pursuance of this authority the legislature enacted that the lands so acquired in trust by the mayor of Eureka Springs should be conveyed to the owners of the lots in that city upon payment to the city of such sums as the lots should be appraised at, the appraisement not to exceed $20 per lot. Act of February 16, 1885, p. 13. It was further provided that all persons who should fail to prove their claims and procure deeds to their lots within one year from the passage of the act, or bring suit to settle their rights within that time when a dispute arose, should be forever barred of any claim or interest in the same, and that title should in that event vest in the city of Eureka Springs to be conveyed or sold by its authority.

It is argued that in as much as the plaintiff did not obtain his deed, or institute suit to establish his title, within the year limited by the act, he can have no relief.

1. A patent to the mayor, under the town-site law, is in trust for the occupant.

When the patent issued to the mayor of Eureka Springs the equitable title to lots in the town vested in the occupants by virtue of the act of Congress under which the patent issued. *Stringfellow v. Cain*, 99 U. S., 610; *Mallard v. Anderson* 36 La. Ann., 834; *Cofield v. McClelland*, 16 Wall., 331

*Rathbone v. Sterling*, 25 Kan., 444; *Clark v. Titus*, 11 Pac., 312.

But under the power conferred by that act, the State placed a conditional limitation upon the occupant's right to own the property by providing that he should apply for a deed for his lot, or bring suit to have it executed, within a year. The time was reasonable and it was within the power of the legislature so to limit the right. The end of the year without action by the occupant was the limit beyond which his equitable estate no longer existed. If the title was not perfected within that time and no suit was brought to perfect it, the equitable title was determined by operation of law, and the occupant's right to become the owner was gone.

But there are other considerations in this cause which invoke equitable principles that control it. The courts are not so fettered by this statutory limitation as to be powerless to do justice between the improvement company and the plaintiff. Under what circumstances, if any, an occupant who had failed to take action to procure his deed within the year, could find relief from this limitation in a suit in equity against the city, it is not essential to determine. For, according to the allegations of the complaint, the city claims no interest in the property but is acquiescing in the consent decree entered in the United States court in the suit between the mayor and the improvement company, the terms of which purport to vest a beneficial interest in the lands in the company upon the trustees' failure to execute a deed to the claimant. As between the improvement company and the plaintiff, the limitation placed upon the right to acquire title is unimportant. If the president of that company, through his fraudulent conduct as trustee, with a view to the company's profit, prevented the plaintiff from obtaining a deed to a lot to which he was entitled under the law, in order that the title might go to the company under the decree of the United States court, the benefit derived by the company therefrom cannot be withheld by it from the plaintiff.

2. Deed procured by fraud—Constructive trust.

Whatever right or title the company may have acquired through such conduct must be decreed to be held in trust for the plaintiff. 1 Perry on Trusts, sec. 181 and cases.

The demurrer admits the allegations of the complaint, and if they are true, the plaintiff is entitled to the relief sought against the company.

How far the decree of the United States court against the mayor is binding upon the city, or whether it had any binding force upon the occupants of the lots who were not parties to the proceeding, we need not now inquire. It is only necessary to determine that whatever title the improvement company has acquired through it or by conveyance from the trustees designated in it, will inure to the benefit of the plaintiff, if the allegations of his complaint are true.

Reverse the decree, and remand the cause with instructions to overrule the demurrer.